IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANCE JOHNSON, #282407, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | NO. 3:23-cv-01379 |
| ) | |
| HSA HOLLY ROBERTSON, et al., ) | JUDGE RICHARDSON |
| ) | |
| Respondents. ) | |

## **MEMORANDUM AND ORDER**

### INTRODUCTION

Lance Johnson, a state inmate proceeding pro se, has filed a Motion for Emergency Temporary Injunction (Doc. No. 1 at 1–2) ("the Motion"), the allegations of which are affirmed under penalty of perjury in an attached "Sworn Affidavit." (*Id.* at 3.) He has also attached copies of relevant prison grievances (Doc. No. 1-1 at 1–22) and a letter he wrote to the Tennessee Department of Health on December 8, 2023. (*Id.* at 23.) With these filings, Mr. Johnson seeks emergency injunctive relief from what he describes as the life-threatening withholding of "blood pressure medication, heart medication[,] and pills to prevent fluid build up" by medical staff at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 1 at 1.)

Mr. Johnson's grievances provide additional factual detail, as follows: he suffers from diabetes and high blood pressure; he arrived at TTCC in February 2023 but was not seen in the medical department (despite numerous requests) until July; he receives "4 shots a day," presumably of insulin, "because [his] sugar runs high because of the meals" at TTCC; and he was referred to "outside medical" in August but had not been sent as of November 8, 2023, when he

asserted his need for injections to control "swelling behind one [eye] and fluid behind the other." (Doc. No. 1-1 at 5, 8–9, 13, 14–15.) In his letter to the Tennessee Department of Health, Mr. Johnson stated that he was sent to "Nashville General" Hospital on November 20, 2023, when he was "immediately placed in I.C.U. due to the amount of fluid build up and blood pressure 224/117." (*Id.* at 23.) He was not released from the hospital until December 5, 2023. (*Id.*) As of December 8, he "still ha[d] not had [his] blood pressure medication" delivered by the TTCC medical department. (*Id.*)

The Motion—which the Court construes as seeking a Temporary Restraining Order (TRO) under Rule 65(b) of the Federal Rules of Civil Procedure—concludes by asserting that Mr. Johnson's "constitutional right to have adequate medical care and to be free from Deliberate Indifference is being violated"; that he "is in the midst of the grievance process" but will likely "suffer irreparable injury by the time [he] could exhaust administrative remedies due to the suppression of grievances[] and denial of medical care"; and that an injunction is required for "T.T.C.C. HSA Holly Robertson and medical staff to provide [him] with the prescribed medication and medical treatment needed" in order for him to live. (Doc. No. 1 at 2.) As explained below, the Court cannot consider the Motion in its current form due to a number of deficiencies.

## DISCUSSION

First, there is the matter of the filing fee. Although the Motion was accompanied by an application for leave to proceed without prepaying the fee (Doc. No. 2) ("IFP application"), that application fails to comply with statutory requirements. Under 28 U.S.C. § 1915, an inmate's IFP application must establish his inability to prepay the $405 filing fee[1] by presenting two items: a

---

[1] This fee consists of a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a)–(b); District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

financial affidavit and a certified statement of his six-month inmate trust account history. *Id.* § 1915(a)–(b). Mr. Johnson's IFP application does not include the second of these two required items. It must therefore be denied.

Second, even if Mr. Johnson had filed a proper IFP application or paid the full filing fee, a civil case is not properly commenced by filing a motion. Under Rule 65.01 of the Local Rules of Court, any request for a TRO "must be made by written motion *separate from the complaint commencing the case*." M.D. Tenn. L.R. 65.01(a) (emphasis added). Implicit in this requirement is the acknowledgment that a TRO motion is not a proper opening pleading. Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "This is true even where a plaintiff seeks equitable relief such as through a motion for a preliminary injunction or TRO." *Goldwire v. Mohr*, No. 2:17-CV-64, 2017 WL 4777003, at *2 (S.D. Ohio Oct. 23, 2017) (citing *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief.")).

Mr. Johnson has not filed a complaint in accordance with Rule 3. Therefore, he has not succeeded in commencing a civil action, and the Court is without jurisdiction to consider his Motion. *See Lowenthal v. Massachusetts*, No. CIV.A. 14-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014) (quoting *Greene v. Phila. Hous. Auth.*, No. 11–MC–60, 2011 WL 1833011 (E.D. Pa. May 11, 2011) ("In the absence of a complaint . . . setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order or a preliminary injunction."); *accord Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."); *P. K. Family Restaurant v. Internal Revenue Serv.*, 535 F. Supp. 1223, 1224 (N.D. Ohio 1982) (same). Although he is proceeding pro se, Mr. Johnson "can be expected to be

familiar with the easily understood requirement of having to file a complaint to commence an action." *Gardner v. McQueen*, No. 2:16-CV-13790, 2017 WL 131553, at *2 (E.D. Mich. Jan. 13, 2017); *see also Hammoud v. Williams*, No. 4:20CV1668, 2020 WL 7046815, at *2 (N.D. Ohio Nov. 30, 2020) ("Plaintiff has filed a motion seeking an 'Emergency Restraining Order/Preliminary Injunction,' not a complaint. The benefit of liberal construction afforded pro se litigants does not excuse pro se parties from complying with . . . Federal Rule[] of Civil Procedure [3]."). Because this action has not been properly commenced, the Motion must be denied.

FURTHER ACTION

For the reasons given above, Mr. Johnson's Motion (Doc. No. 1) and IFP application (Doc. No. 2) are **DENIED WITHOUT PREJUDICE**.

Although the case is subject to dismissal, the Court will give Mr. Johnson an opportunity to cure the defects in its filing. If he chooses to do so, he must file a complaint accompanied by either the full $405 filing fee or an application for leave to proceed IFP, regardless of whether he also files a renewed motion for a TRO or preliminary injunction. Furthermore, under Rule 11(a) of the Federal Rules of Civil Procedure, all pleadings filed with the Court must be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).[2]

In the event that a renewed TRO motion is filed, it must be specific with regard to the relief it seeks and must comply with all applicable procedural requirements. As to specificity, the prior Motion's request for "prescribed medication and medical treatment needed for [him] to live" is not sufficient to form the basis of a viable injunctive order. Any injunctive order this Court might

---

[2] The Court notes that the Motion contains only a typewritten name (*see* Doc. No. 1 at 2), not a signature; this is insufficient to satisfy Rule 11(a). *See Becker v. Montgomery*, 532 U.S. 757, 763–64 (2001) (applying Rule 11 requirement of handwritten signature and declining "to permit typed names"). Moreover, although Mr. Johnson's Sworn Affidavit is notarized and bears the notary's statement that "[o]n this 12th of December 2023 Lance A. Johnson signed this document" (Doc. No. 1 at 3), only his typewritten name, not his signature, is on the document.

issue "must be couched in specific and unambiguous terms," or else be subject to vacatur. *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 362 (6th Cir. 2022) (citing, *e.g.*, Fed. R. Civ. P. 65(d)(1)). As to particular procedural requirements, in accord with the fact that the movant bears the burden of justifying preliminary injunctive relief, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). If the complaint is not verified, a TRO motion must also be accompanied by a separately filed affidavit. *Id.* It must also be accompanied by a proposed order, *id.*, and by the pro se movant's written certification of "the efforts made to give notice of the request for a TRO [to the opposing party] and the reasons why notice should not be required" prior to entry of the requested TRO. M.D. Tenn. L.R. 65.01(c).

For Mr. Johnson's benefit in addressing the deficiencies identified above, the Clerk is **DIRECTED** to provide him with forms for filing a complaint (Pro Se Form 14) and an IFP application (Form AO 240), and with a copy of his Motion and Affidavit (Doc. No. 1 at 1–3) for his reference. If he wishes to proceed with this action, Mr. Johnson must make the necessary filings within **30 DAYS** of the entry of this Order and must include on those filings the number assigned to this case, **3:23-cv-01379**.

Mr. Johnson is cautioned that failure to comply with this Order within the allotted time (or to request an extension of the deadline prior to its expiration), or failure to keep the Court apprised of his current address, will result in the dismissal of the case.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE