IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANCE JOHNSON, #282407, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-01379 |
| HSA HOLLY ROBERTSON, et al., | ) JUDGE RICHARDSON |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Lance Johnson, a state inmate proceeding pro se, has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 7) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 8). Plaintiff has also filed a Motion for Emergency Temporary Injunction (Doc. No. 9), a repeat attempt to win such relief after his initial such motion (Doc. No. 1) was denied because the Court could not exercise jurisdiction in the absence of a complaint. (Doc. No. 4.)

The case is before the Court for ruling on Plaintiff's IFP application and Motion, and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**I. APPLICATION TO PROCEED IFP**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 8) is **GRANTED,** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed, to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. LEGAL STANDARD

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2) (requiring dismissal "at any time" such determination is made in a case filed IFP). Review for whether the Complaint states a claim upon which relief may be granted asks whether the Complaint contains "sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which allows a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. ALLEGATIONS AND CLAIMS

Seeking an injunctive order that he be provided both "proper medical attention" and compensation in an amount to be determined, (Doc. No. 7 at 5), Plaintiff sues the Trousdale Turner Correctional Center (TTCC) where he is incarcerated, the TTCC Health Services Administrator (Holly Robertson), and two Doe defendants. (*Id.* at 2–3.) He alleges that as a result of inattention to his diabetes, fluid retention, swelling in his foot and leg, and high blood pressure since his arrival at TTCC in February 2023, his condition worsened to the point that he had to be admitted to the hospital in November and kept in intensive care for two weeks. (*Id.* at 5.) In his contemporaneously

filed Motion for Emergency Temporary Injunction, Plaintiff alleges that the hospital doctors informed him that his blood pressure of 224/117 "was potentially fatal level," yet Defendant Robertson and other TTCC medical staff members under her supervision have failed to provide him with the medications the hospital doctors prescribed at discharge. (Doc. No. 9 at 1–2.) These medications include "blood pressure medication, heart medication[,] and pills to prevent fluid build up." (*Id.* at 1.) Plaintiff further alleges that he has not been provided with a diabetic diet at TTCC, that he has been unable to wear shoes or boots due to the swelling resulting from fluid build-up, and that he faces irreparable harm from his untreated conditions. (*Id.* at 3.) He claims that he has been filing prison grievances since April of 2023 without any response, hence his request for an injunction requiring Defendant Robertson "and medical staff" to provide him with "the prescribed medication and medical treatment." (*Id.* at 2.)

C. ANALYSIS

The Complaint asserts a claim of deliberate indifference to serious medical needs. Such a claim, when asserted by a convicted inmate, arises under the Eighth Amendment. To plausibly claim an Eighth Amendment violation in this context, Plaintiff must allege that: (1) he had a sufficiently serious medical need, and (2) a defendant acted with deliberate indifference to that need in withholding or delaying medical care. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). As to the first requirement, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). For purposes of initial review, Plaintiff meets this requirement of objective seriousness based on his allegations of uncontrolled diabetes, hypertension, and fluid retention

requiring hospitalization and resulting in the prescription of medications, without which he has suffered feet so swollen that he cannot wear shoes.

As to the second requirement, a prison inmate may plausibly claim an official's subjective, deliberate indifference to his serious medical need by alleging facts that establish that "the official acted or failed to act despite his knowledge of a substantial risk [that] serious harm" would befall the inmate as a consequence of the action or inaction. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). For purposes of initial review, this element of Plaintiff's Eighth Amendment claim is satisfied by his allegations that he was discharged, on December 5, 2023, from a two-week stay in intensive care with prescriptions for medications to control his dangerously high blood pressure and other medical conditions, but TTCC medical staff has not provided him with these medications in the three months since his discharge. (Doc. No. 9 at 3.)

Plaintiff thus states a nonfrivolous Eighth Amendment claim at this initial stage. The question is whether this claim is asserted against a proper defendant. The Complaint names as defendants TTCC and three individuals (Holly Robertson, John Doe, and Jane Doe) in their respective official capacities. (Doc. No. 7 at 2–3.) TTCC is not a "person" subject to suit under § 1983, *Perkins v. Washburn*, No. 3:19-CV-00959, 2020 WL 3972749, at *3 (M.D. Tenn. July 14, 2020), and will be dismissed from this action on that basis. As to the John and Jane Doe Defendants, neither the Complaint nor the Motion for Emergency Temporary Injunction contain allegations of misconduct by particular individuals who are fairly represented by these placeholder designations. Two grievances attached to the Motion state that "[a]ll parties involved [in the denial of adequate medical care] are named John and Jane Doe until all parties involved are known by Grievant." (Doc. No. 9-1 at 6, 14.) But in the absence of allegations that particular individuals whose names are unknown were personally involved in the deprivation of adequate medical care,

Defendants John and Jane Doe are not properly sued and will be dismissed from this action. *See Castellon v. Hinkle*, No. 2:20-CV-06420, 2022 WL 16918077, at *3 (S.D. Ohio Nov. 14, 2022) (dismissing John/Jane Doe defendants "because Plaintiff fails to allege any personal involvement or responsibility by [these] Defendants in violation of his constitutional rights") (citing *Iqbal*, 556 U.S. at 679 ("[a] claim has facial plausibility [against a particular defendant] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")); *Shaw v. Cnty. of Milwaukee*, No. 22-C-97, 2022 WL 1063726, at *4 (E.D. Wis. Apr. 8, 2022) (dismissing John/Jane Doe defendants who appeared to have been named "as a catchall for anyone who might have been involved in [alleged wrongdoing] at the jail").

The remaining Defendant is TTCC Health Services Administrator Holly Robertson. As previously mentioned, Defendant Robertson is sued in her official capacity, which is equivalent to suing her employer. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"). The Court takes judicial notice that officers at TTCC "appear to be employees of CoreCivic, the private corporation contracted to operate the TTCC." *Perkins*, 2020 WL 3972749, at *8 (citations omitted). For § 1983 liability to attach against CoreCivic, a corporate policy or custom must have been the "moving force" behind the alleged injury. *Id.* at *4 (citing, *e.g.*, *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011)). Although Plaintiff's filings do not contain any direct allegations of a CoreCivic policy or custom being executed by Defendant Robertson, they do allege (1) that Samuel Moore, FNP-C, told Plaintiff in July 2023 that TTCC medical staff had been improperly medicating him and subsequently referred him to the outside hospital; (2) that Plaintiff was not sent to the hospital until

several months later, when he was admitted to intensive care and prescribed multiple new medications; and (3) that "T.T.C.C. and HSA Holly Robertson" refused to provide him with the newly prescribed medications after he returned from the hospital. (Doc. No. 9 at 3; Doc. No. 9-1 at 6, 14, 24.) These allegations, liberally construed in Plaintiff's favor, are sufficient (though just barely) at this early stage to allow the official-capacity claim against Robertson to proceed, on the theory that she is acting pursuant to a CoreCivic policy or custom related to the provision of prescription medications, and that her actions pursuant to that policy or custom are causing Plaintiff harm.

Accordingly, Plaintiff's Eighth Amendment claim against Defendant Robertson (in her official capacity only) will proceed for further development.

### III. MOTION FOR EMERGENCY TEMPORARY INJUNCTION

As Plaintiff has previously been informed (*see* Doc. No. 4), the motion for emergency injunctive relief filed with his Complaint is subject to various procedural requirements, *see* Fed. R. Civ. P. 65(b), M.D. Tenn. L.R. 65.01, including the requirement—applicable to all paper filings under Federal Rule of Civil Procedure 11—that it be signed by hand. (*See* Doc. No. 4 at 4 n.2 (citing *Becker v. Montgomery*, 532 U.S. 757, 763–64 (2001) (applying Rule 11 requirement of handwritten signature and declining "to permit typed names")).) Although Plaintiff's handwritten signature is on his (unverified) Complaint, the Motion for Emergency Temporary Injunction contains only a typewritten name (Doc. No. 9 at 2) and the supporting declaration bears no name at all, nor does it purport to be made under penalty of perjury. (*See id.* at 3.)

Based on these deficiencies, the Motion (Doc. No. 9) is **DENIED WITHOUT PREJUDICE** to refiling in conformity with Federal Rules 11 and 65, or to any action the

Magistrate Judge upon referral may deem appropriate in response to Plaintiff's allegations of a medical emergency.

## IV. CONCLUSION

As explained above, the Complaint states a nonfrivolous claim against Defendant Robertson that will proceed for further development. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for this Defendant. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE**.

Defendants Trousdale Turner Correctional Center, John Doe, and Jane Doe are **DISMISSED** from this action.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE