UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANCE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>HOLLY ROBERTSON,<br><br>    Defendant. | Case No. 3:23-cv-01379<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable Eli J. Richardson, District Judge

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Holly Robertson's motion to dismiss pro se Plaintiff Lance Johnson's claims against her under Federal Rule of Civil Procedure 41(b). (Doc. No. 30.) Johnson has not responded to the motion or the Court's order that he show cause why his claims should not be dismissed for failure to prosecute. (Doc. No. 32.) For the reasons that follow, the Magistrate Judge will recommend that the Court grant Robertson's motion to dismiss and dismiss Johnson's claims without prejudice.

**I.    Factual and Procedural Background**

On December 28, 2023, Johnson filed a "motion for emergency temporary injunction" against Robertson, her employer Trousdale Turner Correctional Center (TTCC), and two Doe defendants. (Doc. No. 1.) Johnson also filed an application to proceed *in forma pauperis* (IFP). (Doc. No. 2.) In the motion, which the Court "construe[d] as seeking a Temporary Restraining Order (TRO) under Rule 65(b) of the Federal Rules of Civil Procedure[,]" (Doc. No. 4, PageID# 35), Johnson sought the Court's intervention to ensure that Robertson, in her role as TTCC's Health Services Administrator, "provide [Johnson] with the prescribed medication and

medical treatment needed for [Johnson] to live" (Doc. No. 1, PageID# 1.) The Court informed Johnson that his application to proceed IFP was defective and that, because he had not filed a complaint with his motion, he had not properly initiated a civil action. (Doc. No. 4.) The Court denied the motion for a TRO and Johnson's application to proceed IFP but afforded Johnson thirty days to cure the defects in his IFP application and file a complaint. (*Id.*) The Court also "cautioned [Johnson] that failure to comply with this Order within the allotted time (or to request an extension of the deadline prior to its expiration), or failure to keep the Court apprised of his current address, will result in the dismissal of the case." (*Id.* at PageID# 38.)

After requesting and receiving an extension of the deadline to do so (Doc. Nos. 5, 6), Johnson filed a complaint against Robinson, TTCC, and the Doe defendants on March 1, 2024.[1] (Doc. No. 7.) The Court screened Johnson's complaint as required by 28 U.S.C. § 1915A and found that Johnson had adequately pleaded a nonfrivolous Eighth Amendment claim against Robertson. (Doc. No. 10.) The Court dismissed Johnson's claims against all other defendants. (*Id.*)

Robertson answered Johnson's complaint on May 28, 2024. (Doc. No. 24.) On September 12, 2024, the Court entered a scheduling order (Doc. No. 26) and, on September 16, 2024, set the case for trial on January 13, 2026. (Doc. Nos. 26, 27.) The service copies of those orders sent to Johnson at TTCC were returned to the Court with a notation that Johnson had been paroled or discharged. (Doc. Nos. 28, 29.) Robertson moved to dismiss Johnson's claims for failure to prosecute under Rule 41(b) shortly thereafter. (Doc. No. 30.)

Johnson did not file a response to Robertson's motion. On March 12, 2025, the Court ordered Johnson to provide a correct mailing address, show cause why the Court should allow him

---

[1] Johnson also continued to seek injunctive relief through a series of motions that the Court denied.

to file a late response to Robertson's motion to dismiss, and file a response to Robertson's motion by March 26, 2025. (Doc. No. 32.) The service copy of that order was also returned by TTCC with a notation that Johnson had been paroled or discharged. (Doc. No. 33.) Johnson has not responded to the March 12, 2025 show-cause order or taken any action in this case since April 16, 2024.

II.     **Legal Standard**

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts consider four factors when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic

sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

III. Analysis

Robertson argues that dismissal under Rule 41(b) is appropriate because Johnson (1) failed to apprise the Court and counsel of his correct mailing address after being released from TTCC custody; (2) Robertson will suffer prejudice if she is required to defend against a lawsuit in which Johnson does not actively participate; and (3) Johnson was warned that failure to keep the Court informed of his address could result in dismissal of the action. (Doc. No. 31.) Considered under the applicable legal standard, these factors identified by Robertson and Johnson's failure to respond to her motion to dismiss or the Court's show-cause order demonstrate a record of delay and inaction by Johnson that warrants dismissal of his claims.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Johnson's failure to respond to Robertson's motion to dismiss and failure to respond to the Court's show-cause order. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition

testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Robertson argues that "[a]llowing this matter to proceed would require [her] to file a dispositive motion to obtain dismissal of the claims against her, which will take a substantial amount of time, effort, and expense." (Doc. No. 31.) The Court agrees that such further action by Robertson would establish prejudice under Rule 41(b). However, filing a motion to dismiss based on an insubstantial record is a typical step in early litigation and is generally not considered prejudicial in the Rule 41(b) analysis. *See Schafer*, 529 F.3d at 739–40. Accordingly, this factor weighs against dismissal.

C. **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). As Robertson sets out, the Court warned Johnson early in the litigation that failure to keep the Court informed of his correct mailing address could result in dismissal of the action. (Doc. No. 26.) After Johnson failed to respond to Robertson's motion to dismiss, the Court ordered him to show cause why his claims should not be dismissed under Rule 41(b) for failure to provide a correct address and failure to respond to Robertson's motion. (Doc. No. 32.) The Court "warned" Johnson "that failure to respond to this Order as directed will likely result in a recommendation

6

Case 3:23-cv-01379   Document 36   Filed 08/06/25   Page 6 of 8 PageID #: 346

that Robertson's motion to dismiss be granted." (*Id.* at PageID# 333.) Johnson did not respond. Therefore, the third factor weighs in favor of dismissal.

   D.   **Appropriateness of Other Sanctions**

As Robertson sets out (Doc. No. 31), the less-drastic sanction of dismissal without prejudice is available and appropriate here. *See Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *1 (E.D. Mich. Nov. 24, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that the Court GRANT Robertson's motion to dismiss under Rule 41(b) (Doc. No. 30) and Johnson's claims be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of August, 2025.

ALISTAIR E. NEWBERN
United States Magistrate Judge