IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANCE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | NO. 3:23-CV-01379 |
| ) | |
| v. ) | JUDGE RICHARDSON |
| ) | |
| HOLLY ROBERTSON, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is Defendant's motion to dismiss (Doc. No. 30, "Motion"). Via the Motion, Defendant seeks dismissal of this case without prejudice for Plaintiff's failure to prosecute this matter and failure to comply with the Court's scheduling order (Doc. No. 26). In a report and recommendation dated August 6, 2025 (Doc. No. 36, "R&R") the assigned magistrate judge recommended that the Motion be granted and that this action be dismissed with prejudice. No objections to the R&R have been filed and as discussed below, the time for filing objections has now expired.

For the reasons discussed herein, the Motion is GRANTED.

BACKGROUND

Plaintiff Lance Johnson, proceeding *pro se*, initiated this action on December 28, 2023, by filing a motion for an emergency temporary injunction against personnel affiliated with the Trousdale Turner Correctional Center ("TTCC"), including Health Services Administrator Holly Robertson, the facility itself, and two unnamed healthcare providers. (Doc. No. 1.). In an order dated January 3, 2024 (Doc. No. 4), the Court denied Johnson's initial emergency motion and

identified (and effectively provided guidance for rectifying) various procedural deficiencies. On March 1, 2024, Plaintiff filed an amended complaint, asserting therein claims arising under the Eighth Amendment. (Doc. No. 7) The Court subsequently screened the complaint pursuant to 28 U.S.C. § 1915A and permitted only Johnson's claims against Defendant Robertson to proceed. (Doc. No. 10).

Plaintiff filed two additional motions seeking emergency injunctive relief—one on March 19, 2024 (Doc. No. 11, and another on April 16, 2024 (Doc. No. 14))—both of which the Court denied. (Doc. Nos. 13, 25). On September 12, 2024, the Court (through the assigned magistrate judge) entered a scheduling order (Doc. No. 26) and four days later issued (through the undersigned district judge) an order setting the case for trial (Doc. No. 27). Consistent with its standard practice, the Court directed that all parties keep the Court apprised of current contact information, issuing a warning (which by its nature was one directly exclusively at Plaintiff) that failure to do so could result in dismissal for failure to prosecute. (Doc. No. 26 at 2).

Shortly thereafter, service copies of the scheduling and trial-setting orders mailed to Plaintiff at his last known address at TTCC were returned to the Court, with notations indicating that Plaintiff had been paroled. (Doc. Nos. 28, 29) According to public records maintained by the Tennessee Department of Correction, Plaintiff had been released from custody on July 23, 2024.

Despite the Court's explicit directive to maintain updated address information, Plaintiff has neither provided the Court with his current mailing address nor filed any pleadings since April 16, 2024. On November 13, 2024, Defendant Robertson filed the present motion to dismiss, invoking Federal Rule of Civil Procedure 41(b) and arguing that Plaintiff's failure to prosecute and failure to comply with the Court's order warrants dismissal of this case without prejudice. Plaintiff has

not responded to the motion, and the record reflects no contact from him since his release from TTCC.

Given these circumstances, the Court issued an order to show cause directing Plaintiff to file an updated mailing address, to show cause why a late response to the pending motion should be permitted, and to respond to the motion to dismiss by March 26, 2025. (Doc. No. 32). As the docket reflects, that order was mailed to the Clarksville Adult Probation Office in an effort to reach Plaintiff at his last known supervisory location.

As noted above, the magistrate judge entered the R&R on August 6, 2025.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 16(f)(1) provides that on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order. One of the sanctions are set forth in Rule 37(b)(2) includes the sanction of dismissing the action or proceeding in whole or in part. Rule 37(b)(2)(A)(v). Finally, it is well settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

Whether to impose sanctions and, if so, the type of sanctions to impose for failure to comply with the Court's orders and for failure to prosecute a case are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan*

*Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Under Federal Rule of Civil Procedure 41(b), one type of sanction that is authorized (at least under appropriate circumstances) for failure to prosecute or for failure to comply with a court order is dismissal. The authority to dismiss under Rule 41(b) "is an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). The Sixth Circuit recognizes dismissal under Rule 41(b) as a proper mechanism to address *pro se* litigants' inaction, and it affords district courts "substantial discretion" in determining when such a dismissal is appropriate. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). To guide the exercise of this discretion, courts consider four factors: 1) whether the plaintiff's failure was due to willfulness, bad faith, or fault; 2) whether the defendant has been prejudiced by the plaintiff's conduct; 3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were considered or would be effective. *See Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions

of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a de novo or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## DISCUSSION

Here, there is a pending report and recommendation on the Motion, i.e., the R&R, to which no objections have been made. No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff, because the R&R was filed 19 days ago, and yet Plaintiff has not filed any objection to the R&R.

Accordingly, the R&R is approved on the basis that Plaintiff did not object to it. Alternatively, for the reasons set forth below, the Court independently finds that the R&R's recommendation—the granting of the Motion and thus also the dismissal of this case without prejudice—is meritorious.

Plaintiff's conduct demonstrates willfulness or at least fault. Despite repeated warnings and the Court's explicit order directing the parties to maintain with the Clerk current mailing addresses (Doc. No. 26), Plaintiff has failed to notify the Court of his release from custody or to provide an updated address. Such conduct impedes the orderly administration of the case and reflects either a reckless disregard of his obligations or a deliberate choice to disengage from the litigation. *See Wu v. T.W. Wang*, *Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (holding that failure to comply with court orders "demonstrates bad faith or fault").

Defendant has suffered and will continue to suffer prejudice as a result of Plaintiff's inaction. Without a current address for Plaintiff, Defendant cannot serve him with pleadings or conduct necessary discovery. Moreover, the inability to confirm Plaintiff's continued interest in prosecuting the case places an unfair burden on Defendant to defend against potentially abandoned claims. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (finding prejudice where defendant is forced to "waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide").

Plaintiff was explicitly warned that failure to update his mailing address could result in dismissal. The magistrate judge's September 12, 2024 scheduling order unambiguously stated that failure to comply with the directive to maintain current contact information could lead to a recommendation of dismissal. (Doc. No. 26 at 2). Further, the order to show cause issued after Plaintiff's release reiterated the risk of dismissal if Plaintiff failed to respond. This factor strongly supports dismissal. *See McNabb v. Long*, No. 3:18-cv-00365, 2018 WL 3609522, at *2 (M.D. Tenn. July 26, 2018) (dismissing for failure to prosecute where plaintiff failed to heed warnings about keeping an address current).

The Court has already afforded Plaintiff multiple opportunities to comply with his obligations, including by issuing an order to show cause with additional time to respond. Despite these leniencies, Plaintiff has failed to take any action since April 2024. Because the record reflects prolonged inactivity and an ongoing failure to communicate with the Court, dismissal without prejudice (the particular remedy that Defendant seeks via the Motion) represents an appropriate sanction at this time. *See Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556–57 (6th Cir. 2004) (noting that dismissal without prejudice is appropriate where lesser sanctions are ineffective due to a plaintiff's non-responsiveness).

## CONCLUSION

For each of the two reasons discussed herein, the R&R is approved, Accordingly, Defendant's motion to dismiss (Doc. No. 30) is GRANTED, Defendant's pending motion to stay (Doc. No. 37) is DENIED as moot, and this action is dismissed in its entirety.

The Clerk is directed to enter judgment under Rule 58 of the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE